IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3203-FL

| | | |
|---|---|---|
| TONY IVAN FAISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PITT COUNTY DETENTION CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the motion to dismiss (DE # 11) pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendant the Pitt County Detention Center ("defendant"). Plaintiff did not respond. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants defendant's motion to dismiss, and dismisses the complaint.

## STATEMENT OF THE CASE

On November 8, 2010, plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging defendant acted with deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution. On June 6, 2011, defendant filed a motion to dismiss arguing that plaintiff failed to state a claim upon which relief may be granted because it lacks the capacity to be sued. Although he was notified of defendant's motion, plaintiff did not respond.

## DISCUSSION

A. Motion to Dismiss

   1. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

   2. Analysis

Plaintiff brings this action against defendant, a detention center. However, actions filed pursuant to § 1983 must be directed at persons. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Preval v. Reno, No. 2000 WL 20591, 203 F.3d 821, **1 (4th Cir. 2000); see also Moore v. City of Asheville, 290 F. Supp. 2d 664, 673 (W.D.N.C. 2003), aff'd, 396 F.3d 385 (4th Cir.

2005) (dismissing claims against city police department for lack of capacity). Because defendant is not a person, it is not a proper party to a § 1983 action. Thus, defendant's motion to dismiss is GRANTED.

B.  Frivolity Review

The court finds it necessary to conduct a review pursuant to 28 U.S.C. § 1915(e)(2)(B) of plaintiff's amended pleadings. The Prison Litigation Reform Act directs the court to dismiss a prisoner's complaint *sua sponte* at any time "if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff failed to name a proper party in this action. The court finds plaintiff's claims to be frivolous in law, and therefore the complaint is dismissed without prejudice.

3

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (DE #11) is GRANTED, and defendant is DISMISSED from this action. Plaintiff's claims are DISMISSED without prejudice as legally frivolous. The Clerk is DIRECTED to close this case.

SO ORDERED, this the 30 day of November, 2011.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge

4